IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01284-OES

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2005

GREGORY C. LANGHAM
CLERK

JACKIE LOYD CARR,

     Plaintiff,

v.

HOYTE BRILL – Warden of Kit Carson Corr. Center,
MR. SLOAN, Assistant Warden – K.C.C.C.,
MR. TRIMMER, Principal of K.C.C.C.,
MR. CARTER, Hearing Officer – K.C.C.C.,
S. VAUGHN, Grievance Cordinator [sic] – K.C.C.C., and
MIKE MARTINEZ, Kitchen Manager, K.C.C.C.,

     Defendants.

_____

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

_____

     Plaintiff Jackie Loyd Carr is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (Supp. 2005) and 28 U.S.C. § 1343(a)(3) (1993).  He asks money damages and injunctive relief.

     The Court must construe the complaint liberally because Mr. Carr is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Carr will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance

procedure as to each asserted claim.

Mr. Carr asserts three primary claims and various subclaims apparently arising from his incarceration at the Kit Carson Correctional Facility in Burlington, Colorado.  As his first claim, he contends he was retaliated against for using the DOC three-step administrative grievance procedure by being charged with advocating a facility disruption under the Code of Penal Discipline.  As part of his first claim, he also complains that in March 2003 property was stolen from him and his cell mate when they were absent from their cells.  He further complains about a memorandum posted behind locked glass doors regarding the state legislature's forty-seven percent cut in inmate wages.  It is not clear to the Court whether Mr. Carr objects to the cut in inmate wages or the posting of the memorandum behind glass.

As his second claim, Mr. Carr alleges that in February 2003 Defendant Mr. Trimmer discriminated against him by terminating his employment as law library book cart operator in order to hire an African-American man as a replacement.  He also alleges that Mr. Trimmer informed him that his job did not include making legal copies. As his third claim, he complains about the meals provided by the kitchen manager, apparently Defendant Mike Martinez, whom he alleges has failed to follow the master menu.

Mr. Carr fails to assert clearly each Defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Hoyt Brill, warden of the Kit Carson Correctional Facility, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it appears that Mr. Carr has failed to exhaust each of his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Carr is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Carr must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on

3

prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Carr has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. According to the response to Mr. Carr's step one grievance concerning making legal copies on his job as a law library book cart operator, Mr. Carr filed the step one grievance out of time. Therefore, he does not appear to have exhausted this claim. In addition, he has failed to demonstrate exhaustion as to each of his remaining claims.

The DOC grievance procedure available to Mr. Carr and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Therefore, Mr. Carr will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Carr is advised that he must provide sufficient copies of the amended

complaint to serve each named Defendant.  The Court will not make the copies

necessary for service.  Therefore, Mr. Carr should review his claims carefully to ensure

that each named defendant personally participated in the asserted constitutional

violations.  Accordingly, it is

ORDERED that Mr. Carr file **within thirty (30) days from the date of this order**

an original and a copy of an amended complaint that complies with the directives in this

order and that shows cause why the complaint should not be dismissed for failure to

exhaust the Colorado Department of Corrections' three-step administrative remedy

procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Carr, together with a

copy of this order, two copies of the following form for use in submitting the amended

complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Carr submit sufficient copies of the amended

complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Carr fails to comply with this order to the

Court's satisfaction within the time allowed, the complaint and the action will be

dismissed without further notice.

      DATED at Denver, Colorado, this _12_ day of _September_____, 2005.

                         BY THE COURT:

                         O. EDWARD SCHLATTER
                         United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01284-OES

Jackie Loyd Carr
Reg. No. 76686
AVCF
P.O. Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/12/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk